```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 08-CR-141 (MJD/AJB) |
| | ) | NO. 11-CV-447 (MJD) |
| Respondent, | ) | |
| | ) | **GOVERNMENT'S OPPOSITION TO** |
| v. | ) | **PETITIONER'S MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| DAVID EUGENE WRIGHT, | ) | |
| | ) | |
| Petitioner. | ) | |

The United States of America, through its attorneys, B. Todd Jones, United States Attorney, and William J. Otteson, Assistant United States Attorney, submits this Opposition to Petitioner David Eugene Wright's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 (Docket No. 70) (hereafter "Motion").

## FACTUAL AND PROCEDURAL BACKGROUND

### I.  The Investigation

In April 2008, law enforcement officials in Minneapolis learned from an informant that David Eugene Wright was interested in purchasing a firearm.  See Presentence Investigation Report ("PSR") ¶ 5.  The informant told law enforcement that Wright was interested in purchasing a firearm so he could kill an individual who had informed on him in a previous case.  Id.  A criminal record check revealed that Wright had prior felony convictions that made it illegal for him to possess a firearm.  Id.

Acting quickly and with the goal of preventing a homicide, law enforcement arranged to sell Wright a firearm through an undercover

officer. Id. ¶ 6. The undercover sale took place on April 14, 2008, in Minneapolis. Id. Inside the undercover officer's vehicle, Wright purchased a Ruger 9-millimeter semiautomatic pistol from the undercover officer in exchange for a twenty-dollar bill and four "rocks" of crack cocaine. Id. Immediately after completing the transaction, assisting law enforcement officers arrested Wright in possession of the Ruger firearm. Id.

## II. The Indictment

On May 7, 2008, the United States Grand Jury sitting in Minneapolis returned a one-count Indictment against David Eugene Wright, charging him with one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

On October 7, 2008, the United States Grand Jury sitting in Minneapolis returned a one-count Superseding Indictment against David Eugene Wright, charging him with one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The Superseding Indictment amended Wright's qualifying prior convictions to include two convictions instead of one conviction for Aggravated Robbery in Hennepin County, Minnesota. The Superseding Indictment also removed reference to a 2003 assault conviction that had been overturned by the Minnesota Supreme Court.

## III. The Plea

On October 22, 2008, Wright pleaded guilty to the single-count Superseding Indictment, pursuant to a plea agreement with the

United States. The defendant reserved in his plea agreement the right to argue that the two Aggravated Robbery convictions were not "committed on occasions different from one another" and therefore that he was not an Armed Career Criminal.

**IV. Presentence Report**

Following the Petitioner's guilty plea, the U.S. Probation Office issued a Presentence Report (PSR) on December 29, 2008. Wright was determined to have been convicted of three violent felonies or serious drug offenses. One of those convictions, for Third Degree Sale of a Controlled Substance in 1998, is not relevant to the consideration of this petition because there is no dispute that the offense counts as both a prior felony and a predicate "serious drug offense" for purposes of § 924(e). See PSR ¶ 27.

The other two felonies were both convictions for Aggravated Robbery. See PSR ¶¶ 25-26. Both of these offenses took place on the evening of September 2, 1991, in South Minneapolis. Id. The first involved the robbery of a victim on West Lake Harriet Parkway at approximately 11:40 p.m. Id. ¶ 26. The second involved the robbery of a different victim at 3000 East Calhoun Parkway at approximately 11:50 p.m. Id. ¶ 25.

Although Wright was 16 years old at the time of these offenses, he was certified as an adult in both cases. Id. ¶¶ 25-26. On January 10, 1992, he pleaded guilty to both offenses. Id.

3

Wright was sentenced to 64 months imprisonment in one case, and 58 months imprisonment in the other case, with the sentences to run concurrently. Id.

Wright did not object to any of the above facts contained in the PSR in the instant case. However, prior to sentencing, the District Court invited briefing and heard oral argument on the question of whether the two Aggravated Robbery convictions in 1992 were offenses "committed on occasions different from one another." Both parties submitted legal briefs on the issue.

**V.    Sentencing**

At sentencing on February 5, 2009, the Court determined that the robberies were committed on different occasions within the meaning of Section 924(e), and therefore counted as separate predicate offenses, making Wright an Armed Career Criminal. Specifically, responding to defense counsel's argument that the offenses only occurred three to five minutes apart, and in the same general area, the Court reviewed the complaints from the 1992 cases and determined that one offense took place at 3000 East Calhoun Parkway at approximately 11:50 p.m., while the other took place at 4400 West Lake Harriet Parkway at approximately 11:40 p.m. Sentencing Transcript ("Sent. Tran.") at 8-9. The Court took judicial notice that it "knows this area quite well" and that there was "a substantial distance between those two locations." Id. The Court noted that Wright was in an automobile traveling in the area

4

which explained the short amount of time – ten minutes, according to the complaints – between the offenses. Id. at 9. The Court found they were "two separate and distinct robberies." Id.

The Court thereafter sentenced Wright to the statutory mandatory minimum sentence under Section 924(e) of 180 months imprisonment. Judgment was entered on February 5, 2009. Following sentencing, on February 6, 2009, the Court filed a Statement of Reasons for Imposing Sentence, memorializing the findings it made at the sentencing hearing.

## VI. Appeal

Wright filed his timely notice of appeal to the Eighth Circuit Court of Appeals on February 11, 2009. The Eighth Circuit affirmed the district court on December 14, 2009. See United States v. Wright, 356 Fed. Appx. 886 (8th Cir. 2009). It held that "the district court correctly determined that Wright's two robbery convictions were separate violent felonies, triggering the ACCA." *Id.* at 887.

## VII. Petitioner's Section 2255 Motion

Petitioner brings a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. Section 2255, claiming his sentence was in excess of the maximum authorized by law and ineffective assistance of counsel.

5

## PETITIONER'S CLAIMS

Petitioner makes three arguments in his motion to vacate, set aside, or correct his sentence. First, Petitioner alleges that the Hennepin County district court "functionally consolidated" his two aggravated robberies because he was sentenced for both at the same time. See Motion at 3-4. Petitioner argues that, because they were functionally consolidated, he only has two qualifying crimes and therefore does not meet the armed career criminal standard. Id. As a result, he should be re-sentenced accordingly. Id.

Second, Petitioner argues that the two aggravated robberies happened when he was 16 years old and should not count towards being an armed career criminal. Id. at 5. Citing to U.S.S.G. Section 4A1.1, Petitioner claims that because the current offense occurred more than 5 years after his prior juvenile offenses, they should not count. Id.

Third, Petitioner claims he received ineffective assistance to counsel. Id. at 5-6. He alleges that his attorney failed to challenge a four-point Guideline enhancement on the basis of the government not proving the "in relation to" element required for the enhancement. Id. at 6. Petitioner claims that because he only possessed the firearm and displayed no active employment, he should be re-sentenced or receive an evidentiary hearing on the matter. Id. at 6.

**ARGUMENT**

I. **The Court's Standard of Review is Extremely Narrow.**

The Eighth Circuit has described Section 2255 as "the statutory analogue of habeas corpus for persons in federal custody." Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987). In Poor Thunder, the court explained the purpose of the statute:

> [Section 2255] provides a remedy in the sentencing court (as opposed to habeas corpus, which lies in the district of confinement) for claims that a sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Id. (quoting 28 U.S.C. § 2255).

Importantly, a motion pursuant to Section 2255 may not serve as a substitute for a direct appeal. Rather, "[r]elief under [this statute] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a petitioner's ability to raise that issue for the first time in a Section 2255 motion. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000);

7

Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). This rule applies whether the conviction was obtained through trial or, as here, through the entry of a guilty plea. See, e.g., United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). A petitioner may surmount this procedural default only if he or she "'can show both (1) cause that excuses the default, and (2) actual prejudice from the errors asserted.'" Matthews, 114 F.3d at 113 (citation omitted); see also Apfel, 97 F.3d at 1076.

**II. Petitioner's Two Aggravated Robbery Cases Were Not Functionally Consolidated.**

As an initial matter, Petitioner does not meet the procedural requirements set forth above because he cannot show "cause" to excuse the default. The issue of whether the two aggravated robberies were functionally consolidated during sentencing could have been raised on direct appeal, but was not. Therefore, this failure constitutes a procedural default and precludes Petitioner from raising his claims here for the first time in his petition.

Moreover, even if Petitioner is not procedurally barred from raising the issue of whether his two aggravated robberies were functionally consolidated, his claim fails on the merits. Petitioner argues that his two aggravated robberies should be considered as one because they were "functionally consolidated" at sentencing. Petitioner's argument fails because it does not satisfy the test provided for by the Eighth Circuit.

8

Petitioner claims his two aggravated robberies were consolidated for sentencing, and therefore his sentence "exceeds the maximum authorized by law pursuant to U.S.S.G. § 4B1.2(c) and comment, n. 3; § 4A1.2(a)(2)." However, the Eighth Circuit has held that "two or more sentences imposed at the same time 'are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation.'" United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994) (quoting United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993)).

That is precisely the circumstance presented here. First, Petitioner had two different numbers for the two aggravated robberies. For the first aggravated robbery, Petitioner was sentenced to 58 months, under docket number 92000331; for the second aggravated robbery, Petitioner was sentenced to 64 months, under docket number 92000332. The different docket numbers combined with the different sentences show how the two aggravated robberies were not functionally consolidated as required by Section 4A1.2(a)(2).

Second, the two aggravated robberies were not formally consolidated by order of the Hennepin County District Court. The two cases were combined only for purposes of the sentencing hearing, but were never "functionally consolidated" and treated by the state court as one case. Lacking this formal order of

consolidation, Petitioner fails to meet both prongs of the Eighth Circuit's test for establishing functional consolidation. The two aggravated robberies were correctly treated as two separate crimes by the district court in determining Petitioner's sentence.

**III. Petitioner's Juvenile Crimes Properly Counted Toward His Armed Career Criminal Status.**

Petitioner claims that his two aggravated robberies should not apply to being an armed career criminal because they took place when he was 16 years old. This too is an argument he could have, but failed, to make in the original proceeding or his direct appeal. He cites to U.S.S.G. Section 4A1.1, commentary note 3 to support the claim that the current offense must be within 5 years of the prior juvenile offenses. However, Petitioner's argument fails because the ACCA statute directly addresses the issue of prior juvenile offenses and the Petitioner was certified as an adult.

The ACCA provides, in part, that a person who has three previous convictions for violent felonies committed on different occasions shall be imprisoned not less than 15 years. 18 U.S.C. § 924(e)(1). The term "convictions" includes "a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive

device that would be punishable by imprisonment for such term if committed by an adult." Id. at § 924(e)(2)(B).

Petitioner was 16 years old when he committed the two aggravated robberies. The crime of aggravated robbery is a violent felony because it is punishable for a term exceeding one year, and during the commission of the aggravated robberies, Petitioner wielded a cane as a weapon. The aggravated robberies therefore meet the statutory definition of "violent felony." Consistent with the Eighth Circuit's precedent, so long as an underlying prior offense meets the requirements set forth by the ACCA, the offenses count even if Petitioner was younger than 18 years old. United States v. Kirkland, 450 F.3d 804, 808 (8th Cir. 2006).

Furthermore, Section 4B1.4(b)(3)(A) refers to the definitions found in Section 4B1.2(b). The definition of "prior felony conviction" in comment 1 to § 4B1.2(b) provides, "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Petitioner was certified as an adult by the Hennepin County district court for the aggravated robberies and was represented by counsel during those proceedings. Petitioner's reliance on Section 4A1.1 is misplaced because Petitioner cites to Chapter 4, Part A—Criminal History, when the appropriate section is Chapter 4, Part B—Career Offenders

and Criminal Livelihood.  Therefore, Petitioner's aggravated robberies were correctly considered for sentencing purposes.

## IV. Petitioner's Counsel Did Not Provide Ineffective Assistance.

Petitioner's claim of ineffective assistance triggers the requirements of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u> requires petitioner to prove that his "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different". <u>Id.</u> at 688, 694; <u>see also</u> <u>Garrett v. United States</u>, 78 F.3d 1296, 1301 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 374 (1996).

Moreover, under <u>Strickland</u>, a court's review of counsel's performance is deferential, with a presumption that representation was competent, and that challenged decisions constitute the strategic and tactical decision of counsel. <u>Id.</u> at 689. The Eighth Circuit has likewise held, "[R]easonable trial strategy cannot rise to the level of ineffective assistance of counsel." <u>English v. United States</u>, 998 F.2d 609, 613 (8th Cir. 1993) (citing <u>Stacey v. Solem</u>, 801 F.2d 1048, 1051 (8th Cir. 1986)).

To prevail on a claim of ineffective assistance of counsel, defendant must show that his counsel's performance was so deficient that it prejudiced him.  To show that his counsel was deficient, petitioner must show that "counsel was not functioning as 'counsel

12

guaranteed' by the Constitution," and that the acts or omissions on the part of his counsel were not "the result of reasonable professional judgment." Id. at 690. Petitioner must also show that the acts or omissions "were not sound trial strategy." United States v. Hill, 864 F.2d 601, 604 (8th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).

Petitioner claims he received ineffective assistance of counsel because his attorney never challenged what Petitioner contends is an improper four-point enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm in connection with another felony offense. Specifically, he argues that the government never established the "in connection with" element of § 2K2.1(b)(6) of the firearm being connected with another felony offense. Petitioner's claim fails because the government properly connected the firearm to the offense, but even if it was not, the four-point enhancement was immaterial to determine Petitioner's offense level score.

Petitioner possessed a firearm as an armed career criminal in connection with a controlled substance offense, as defined in § 4B1.2(b). Accepting Petitioner's argument that "in connection with" should be examined the same as "in relation to," the government establishes the necessary connection. In Bailey v. United States, the Supreme Court defines "use" of a weapon in 18 U.S.C. § 924(c)(1) to include "brandishing, displaying, bartering,

13

striking with, and most obviously, firing or attempting to fire a firearm." Bailey v. United States, 516 U.S. 137, 148 (1995). Petitioner came into possession of the gun when he exchanged $20 and .82 grams of cocaine base for a Ruger, Model P89, 9 millimeter semiautomatic pistol. Petitioner did not merely possess the gun; he bartered for the gun, which is explicitly proscribed by Bailey. See also United States v. Arreola, 446 F.3d 926, 931-33 (9th Cir. 2006) (noting that the 1998 Congressional amendments to Section 924(c) encompass both active employment and possession of a firearm when such use of a firearm "facilitates" in the underlying crime).

Even if the court were to find that the exchange of crack cocaine for a firearm does not satisfy the "in connection with" element, the four-point enhancement had no impact on Petitioner's offense level score because Section 4B1.4 applies to Petitioner being an armed career criminal. Section 4B1.4(b) provides that the offense level for an armed career criminal is the greatest of:

(1) the offense level applicable from Chapters Two and Three; or

(2) the offense level from § 4B1.1 (Career Offender) if applicable; or

(3) (A) **34,** if the defendant used or possessed the firearm or ammunition in connection with . . . a controlled substance offense, as defined in § 4B1.2(b)*; or

(B) **33,** otherwise.*

*If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

14

The offense level under Section 4B1.4(b)(1) was 25. The base offense level for a violation of 18 U.S.C. Section 922(g)(1) pursuant to Section 2K2.1 of the Guidelines is 24. The four-point enhancement increased the offense level to 28, but he received a three-point reduction for acceptance of responsibility under Section 3E1.1, for an offense level of 25.

The Career Offender section, Section 4B1.4(b)(2), does not apply in this case.

The offense level under Section 4B1.4(b)(3)(A) is 31. Petitioner is an armed career criminal, and Petitioner possessed the firearm in an exchange for cash and crack cocaine. The presence of the drugs for the firearm made this a controlled substance offense. Therefore, Petitioner received an offense level of 34, but the reduction pursuant to Section 3E1.1 for accepting responsibility gave Petitioner a final offense level of 31.

The offense level of 31 pursuant to Section 4B1.4(b)(3)(A) is the greatest level under Section 4B1.4(b), which therefore becomes Petitioner's final offense level. The four-point enhancement that Petitioner claims was erroneously applied does not factor into the calculation of his sentence. Therefore, there can be no ineffective assistance of counsel because it is a sound trial strategy not to make legal arguments that have no impact on the outcome of Petitioner's sentence. Furthermore, with a criminal offense level of 31 and a criminal history category of VI,

Petitioner's sentence range was 188 to 235 months imprisonment. He received a sentence below his Guidelines – the statutory mandatory minimum of 180 months. Petitioner's attorney acted with reasonable professional judgment to get a sentence below the Guidelines. Because Petitioner did not suffer any prejudice, there was no ineffective assistance of counsel.

Lastly, in the Plea Agreement and Sentencing Stipulation, the parties agreed to and Petitioner signed the agreement as to what the Sentencing Guidelines would be. If Petitioner was found to be an armed career criminal, he would have an offense level of 31; if not, then he would receive an offense level of 25. Petitioner and his attorney fully contemplated, addressed, and negotiated the applicability of the four-point enhancement under § 2K2.1(b)(6). He was found to be an armed career criminal by the district judge, and therefore he has an offense level of 31, as agreed upon in the plea.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 should be dismissed, and without the need for an evidentiary hearing. Further, based on the nature of this Section 2255 and Wright's claims, the Court should not certify the petition as subject to appeal to the Eighth Circuit.

Respectfully submitted,

Dated: March 28, 2011

B. TODD JONES
United States Attorney

s/ William J. Otteson

BY: WILLIAM J. OTTESON
Assistant U.S. Attorney